UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BETTER MOUSE COMPANY, LLC, <br><br> *Plaintiff,* <br> *v.* <br><br> AMAZON.COM, INC., ET AL, <br><br> *Defendants.* | CIVIL ACTION NO. 2:17-cv-314-JRG-RSP (Consolidated Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| BETTER MOUSE COMPANY, LLC, <br><br> *Plaintiff,* <br><br> *v.* <br><br> HP, INC. and HEWLETT-PACKARD DEVELOPMENT COMPANY, LP, <br><br> *Defendants.* | CIVIL ACTION NO. 2:17-cv-316-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

## HP'S AMENDED ANSWER AND COUNTERCLAIMS

Defendants HP Inc. and Hewlett-Packard Development Company, LP ("HPDC") (collectively, "HP"), by and through its undersigned attorneys, hereby answer the allegations contained in plaintiff Better Mouse Company, LLC's ("Plaintiff's") Original Complaint for Patent Infringement ("Complaint") (D.I. 1).  For convenience, the headings from the Complaint are reproduced here.

## PARTIES

1.      HP lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 1, and therefore denies them.

2.      HP admits the allegations of Paragraph 2.

3.      HP denies that HPDC is a limited liability company, but admits that it is a limited partnership.  Except as so expressly denied, HP admits the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4.      HP admits that the Complaint purports to state a claim under the Patent Act, 35 U.S.C. § 1 *et seq.*, and that the United States District Courts have subject matter jurisdiction of such actions under 28 U.S.C. § 1331 and § 1338(a).  Except as so expressly admitted, HP denies the factual allegations contained in Paragraph 4, and specifically denies that it has infringed any United States patent.

5.      HP denies that it has committed any act of patent infringement in this District or elsewhere; and denies that venue is proper in this District.  HP admits that it has transacted business in this district.  HP avers that the question of whether and where venue is proper is a conclusion of law to which no response is required.

6.      HP denies that it has infringed any valid claim of the patent-in-suit anywhere, including in this District.  HP does not contest that it is subject to personal jurisdiction in this Court.  HP avers that the remaining allegations of Paragraph 6 are purported conclusions of law to which no response is required, but for the avoidance of doubt, HP denies such allegations.

## THE TECHNOLOGY

7.      HP admits that United States Patent No. 7,532,200 ("the '200 patent") represents on its face that it is titled "Apparatus for Setting Multi-Stage Displacement Resolution of a Mouse."  HP avers that the remaining allegations of Paragraph 7, which purport to paraphrase the teachings of the '200 patent, are purported conclusions of law to which no response is required, but for the avoidance of doubt, HP denies such allegations.

2

8.      To the extent that Paragraph 8 characterizes prior art to the '200 patent, HP denies those contentions, and specifically avers that the prior art includes and describes computer mice that adjusted resolution without requiring (a) installing a software driver on a connected computer, and changing the resolution within that software program; (b) the user to install the software, which required a separate item such as a CD-ROM; and (c) the user to locate the installed software on the computer and then determine how to adjust the desired parameter within the software.  HP avers that the remaining allegations of Paragraph 8, which purport to identify the supposed invention and advantages of the '200 patent, are purported conclusions of law to which no response is required, but for the avoidance of doubt, HP denies such allegations.

## COUNT I
## [ALLEGED] DIRECT INFRINGEMENT OF U.S. PATENT
## NO. 7,532,200

9.      HP admits that the '200 patent represents on its face that it was issued on May 12, 2009.  HP denies that the '200 patent was duly and lawfully issued by the U.S. Patent and Trademark Office, at least because each claim of the '200 Patent is invalid for failure to comply with one or more requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, and denies that it claims any actual invention.  Except as so expressly admitted or denied, HP denies any factual allegations contained in Paragraph 9.

10.     HP lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 10, and therefore denies them.

11.     HP admits that HP Inc. imported, provided, supplied, distributed, sold, and/or offered for sale computer mice or other devices in the United States.  HP denies that HPDC made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale computer mice or other devices in the United States.  HP further denies that HP made or had

made any computer mice or other devices in the United States.  HP further denies that any product that HP made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale infringes any valid claim of the '200 patent.

12.      HP denies that it has infringed any valid claim of the '200 patent.  HP avers that the remaining allegations of Paragraph 12 are purported conclusions of law to which no response is required, but for avoidance of doubt, HP denies such allegations.

13.      HP denies that it has infringed any valid claim of the '200 patent.  HP avers that the remaining allegations of Paragraph 13 are purported conclusions of law to which no response is required, but for avoidance of doubt, HP denies such allegations.

14.      HP denies that it has infringed any valid claim of the '200 patent.  HP avers that the remaining allegations of Paragraph 14 are purported conclusions of law to which no response is required, but for avoidance of doubt, HP denies such allegations.

15.      HP denies that it has infringed any valid claim of the '200 patent.  HP avers that the remaining allegations of Paragraph 15 are purported conclusions of law to which no response is required, but for avoidance of doubt, HP denies such allegations.  Nonetheless, HP specifically and additionally denies that any HP product includes an N-stage switch for setting a resolution value, the N-stage switch circuit having a switching button capable of being manually switched to one of positions 1 to N, and accordingly activating a connected resolution setting pin to indicate a state, where N is a positive integer.

16.      HP denies that it has infringed any valid claim of the '200 patent.  HP avers that the remaining allegations of Paragraph 16 are purported conclusions of law to which no response is required, but for avoidance of doubt, HP denies such allegations.  Nonetheless, HP specifically and additionally denies that any HP product includes a mouse micro controller with a register,

coupled to the X-Y axis plane displacement detector and the switching circuit, the mouse micro controller determining the resolution value based on the state of the connected resolution setting pins.

17.     HP denies that it has infringed any valid claim of the '200 patent.  HP avers that the remaining allegations of Paragraph 17 are purported conclusions of law to which no response is required, but for avoidance of doubt, HP denies such allegations.  Nonetheless, HP specifically and additionally denies that any HP product sets a mouse resolution based on the resolution value and stores the resolution value in the register.

18.     HP denies that it has infringed any valid claim of the '200 patent.  HP avers that the remaining allegations of Paragraph 18 are purported conclusions of law to which no response is required, but for avoidance of doubt, HP denies such allegations.  Nonetheless, HP specifically and additionally denies that any HP product includes a mouse micro controller responding to the distance and moving direction sensed by the X-Y axis plane displacement detector to provide a control signal to a computer connected to the mouse, thereby moving the mouse cursor on a screen of the computer, the mouse cursor being moved directly based on the resolution value stored in the register.

19.     HP denies that it has infringed any valid claim of the '200 patent.  HP further denies that Plaintiff has suffered any damage due to any action of HP or that Plaintiff is entitled to any monetary damages from HP.  HP avers that the remaining allegations of Paragraph 19 are purported conclusions of law to which no response is required, but for avoidance of doubt, HP denies such allegations.

20.     HP is informed and believes that at least a substantial number of computer mice made, offered for sale, or sold by Plaintiff, its predecessors-in-interest, and/or their licensees

were made, offered for sale, or sold without complying with the notice provisions of 35 U.S.C.

§ 287(a), such as by affixing on such mice or the packaging therefor a notice identifying the '200

patent.  HP otherwise lacks sufficient knowledge and information on which to form an admission

or a denial regarding the factual allegations contained in Paragraph 20, and therefore denies

them.

### JURY DEMAND

21.     Pursuant to Fed. R. Civ. P. 38, HP requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

22.     HP denies that Plaintiff is entitled to any relief that it has requested.

### AFFIRMATIVE AND OTHER DEFENSES

### Noninfringement and Invalidity

23.     As required by 35 U.S.C. § 282(b), HP states that it has not infringed any valid

asserted claim of the '200 patent, and that all such asserted claims are invalid pursuant to one or

more provisions of Part II of Title 35, U.S. Code, including but not limited to 35 U.S.C. §§ 101,

102, 103, and/or 112.

### Failure to State a Claim

24.     The Complaint fails to state facts upon which a claim for relief can be granted

against HP under the heightened patent pleadings standards set forth in *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their progeny,

because, *inter alia*, the '200 patent is invalid and not infringed, and no damages are therefore

available.

**Limitations on Damages**

25.    Plaintiff's claims for damages are barred or limited, in whole or in part, pursuant to 35 U.S.C. § 286, which prohibits recovery for activities committed more than six years before the filing of the Complaint.  On information and belief, articles made, offered for sale, sold, or imported by one or more of Plaintiff's licensees lack or lacked proper marking or notice as required by 35 U.S.C. § 287, including, on information and belief, articles made, offered for sale, or sold by one or more of Anker Tech Corporation; ASUS Computer International; ASUSTeK Computer Inc.; CMI USA, Inc. d/b/a Cooler Master USA, Inc.; Cooler Master Co., Ltd.; Corsair Components, Inc.; Corsair Memory, Inc.; Dell Inc.; Dexin Electronic Co., Ltd.; Dov Brafman; Dov Enterprises, Inc.; Etekcity Corporation; Fantasia Trading, LLC; GBT, Inc.; Giga-Byte Technology Co., Ltd.; inland Products, Inc.; Kworld (USA) Computer, Inc., d/b/a Gamdias; Logitech, Inc.; Mad Catz Interactive, Inc.; Mad Catz, Inc.; Microsoft Corporation; PC Gear Head, LLC; ROCCAT GmbH; ROCCAT Inc.; Sunplus Innovation Technology Inc.; Sunplus Technology Co., Ltd.; SDI Technologies Inc.; Sentey, Inc.; Sharkk LLC; Thermaltake Technology; Thermaltake Technology Co. Ltd.; Thermaltake, Inc.; and UtechSmart Inc. Therefore, Plaintiff's claims for relief and prayer for damages are barred or limited, in whole or in part.  Plaintiff is barred by 35 U.S.C. § 288 from recovering costs.

**Extraterritoriality**

26.    Plaintiff's claims for patent infringement are barred or limited, in whole or in part, to the extent that any accused functionality or acts are located or performed outside the United States.

## **Equitable Defenses**

27.     Plaintiff's claims are barred or limited, in whole or in part, under principles of equity, including waiver, estoppel, and/or unclean hands.

## **Preclusion**

28.     Plaintiff's claims are barred or limited, in whole or in part, by claim preclusion, issue preclusion, and/or the *Kessler* doctrine.

## **License, Implied License, and Exhaustion**

29.     Plaintiff's infringement claims are barred by one or more of the doctrines of license, implied license, and patent exhaustion.

## **No Injunctive Relief**

30.     To the extent Plaintiff seeks injunctive relief for alleged infringement of the patent-in-suit, the relief it seeks is unavailable because any alleged injury to Plaintiff is not immediate or irreparable, the balance of hardships and public interest weighs against the grant of an injunction, and Plaintiff has an adequate remedy at law.

## **No Attorneys' Fees or Costs**

31.     HP did not have notice of the patent prior to the filing of the lawsuit, and has a good faith belief that the patent is invalid and not infringed. Accordingly, Plaintiff cannot obtain attorney's fees or costs pursuant to 35 U.S.C. § 285.

## **Reserved Defenses**

32.     HP reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## HP'S COUNTERCLAIMS

HP, by and through its undersigned attorneys, for its counterclaims against Plaintiff and Counterclaim-Defendant Better Mouse Company, LLC ("Plaintiff"), alleges as follows:

33.     HP incorporates by reference its statements of Paragraphs 1-32, above, as though fully set forth herein.

## PARTIES

34.     HP is a leading global provider of products, technologies, software, solutions and services to individual consumers, small- and medium-sized businesses, and large enterprises.

35.     HP Inc. is a Delaware corporation.  Hewlett-Packard Development Company, LP is a limited partnership organized under the laws of the State of Texas.

36.     On information and belief, Plaintiff is a limited liability company, formed under the laws of the State of Texas.  On information and belief, Plaintiff has no employees, at its purported principal place of business in Tyler, Texas or anywhere else, and its business consists entirely of litigating the '200 patent in order to extract payments from companies that manufacture or sell computer mice.

## JURISDICTION AND VENUE

37.     In these Counterclaims, HP seeks judicial declarations as to non-infringement of, invalidity of, and lack of liability for any alleged infringement of the '200 patent.  This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

## FIRST COUNTERCLAIM:
## NONINFRINGEMENT

38.     HP incorporates by reference its statements of Paragraphs 1-37, above, as though fully set forth herein.

39.     An actual case or controversy exists between HP and Plaintiff as to whether HP infringes any valid claim of the '200 patent.

40.     HP does not infringe and has not infringed any valid claim of the '200 patent.

41.     A judicial declaration is necessary and appropriate so that HP may ascertain its rights regarding the Asserted Patents.

## SECOND COUNTERCLAIM:
## INVALIDITY

42.     HP incorporates by reference its statements of Paragraphs 1-41, above, as though fully set forth herein.

43.     An actual case or controversy exists between HP and Plaintiff as to whether the claims of the '200 patent are valid.

44.     The claims of the '200 patent are invalid pursuant to one or more provisions of Part II of Title 35, U.S. Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

45.     A judicial declaration is necessary and appropriate so that HP may ascertain its rights regarding the Asserted Patents.

## THIRD COUNTERCLAIM:
## LICENSE

46.     HP incorporates by reference its statements of Paragraphs 1-45, above, as though fully set forth herein.

47.     An actual case or controversy exists between HP and Plaintiff as to whether the accused HP Omen X9000 mouse is licensed under the '200 patent.

48.     The '200 patent was originally assigned to Sunplus Technology Co., Ltd.

49.     On information and belief, the inventor named on the '200 patent was an employee of Sunplus Innovation Technology Inc., Sunplus Technology Co., Ltd., or one or more of their affiliates (collectively, "Sunplus").

50.     On information and belief, Sunplus retains certain rights to the '200 patent.

51.     On information and belief, Sunplus's retained rights in the '200 patent extend to customers for and users of its branded products.

52.     The accused HP Omen X9000 mouse contains a Sunplus SPCP866E2A microcontroller.  HP is a customer or user for the Sunplus SPCP866E2A.  The Sunplus SPCP866E2A microcontroller is a Sunplus-branded product.

53.     On information and belief, Sunplus's retained rights in the '200 patent extend to HP to the extent HP is a customer for or user of Sunplus-branded products.  Because the accused HP Omen X9000 mouse includes a Sunplus-branded SPCP866E2A microcontroller, Sunplus's retained rights in the '200 patent extend to the accused HP Omen X9000 mouse.

54.     A judicial declaration is necessary and appropriate so that HP may ascertain its rights regarding the Asserted Patents.

## HP'S PRAYER FOR RELIEF

WHEREFORE, HP prays for the following relief:

a)      That the Court enter a judgment finding that HP is not liable for any alleged infringement of the patent-in-suit;

b)      That the Court enter a judgment finding that the claims of the patent-in-suit are invalid and/or unenforceable;

c)      That the Court enter a judgment finding that the accused products are licensed or otherwise not subject to suit;

d)      That Plaintiff take nothing;

e)      That the Court award HP its reasonable attorneys' fees and costs, including those

pursuant to 35 U.S.C. § 285; and

f)      All other and further relief as the Court deems equitable and just.


Dated: December 8, 2017                     Respectfully submitted,

                                            */s/ Joshua M. Masur*
                                            Melissa R. Smith
                                            State Bar No. 24001351
                                            GILLAM & SMITH, LLP
                                            303 S. Washington Ave.
                                            Marshall, Texas 75670
                                            Telephone: (903) 934-8450
                                            Facsimile: (903) 934-9257
                                            *melissa@gillamsmithlaw.com*

                                            Joshua M. Masur
                                            (Cal. S.B. No. 203510)
                                            Louis L. Wai
                                            (Cal. S.B. No. 295089)
                                            TURNER BOYD LLP
                                            702 Marshall Street, Suite 640
                                            Redwood City, CA 94063
                                            Telephone: (650) 521-5930
                                            Facsimile: (650) 521-5931
                                            *masur@turnerboyd.com*
                                            *wai@turnerboyd.com*

                                            **ATTORNEYS FOR DEFENDANTS
                                            HP INC. and HEWLETT-PACKARD
                                            DEVELOPMENT COMPANY, LP**

12

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 8, 2017.

*/s/ Melissa R. Smith*

Melissa R. Smith
